**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PREMIER ELECTRONICS, L.L.C, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:18-cv-2036-S |
| v. | ) | |
| | ) | |
| ADT LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ADT LLC'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant ADT LLC ("ADT"), by and through undersigned counsel, hereby submits its Answer to Plaintiff Premier Electronics, L.L.C.'s ("Premier") First Amended Complaint ("Complaint"), originally filed in this Court in Case No. 3:17-cv-03060-M, and states as follows:

### I.   PARTIES

1. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. ADT admits the allegations contained in Paragraph 2 of the Complaint.

3. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies them.

4. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies them.

### II.   SUBJECT MATTER JURISDICTION & VENUE

5. The allegations contained in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is necessary. To the extent a response may be required, ADT denies the allegations.

8913237

### III.  CLAIM FOR RELIEF

6. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

### IV.  FACTS

7. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

11. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies them.

18.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23.     ADT denies the allegations contained in Paragraph 23 of the Complaint.

24.     ADT denies the allegations contained in Paragraph 24 of the Complaint.

25.     ADT denies any "scheme" existed as alleged in Paragraph 25 of the Complaint. ADT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

26.     ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies them.

27.     ADT states that on or about May 11, 2016, PCR Homeowners were notified that the Association had entered into an agreement with ADT to provide certain alarm monitoring

8913237

equipment and services to residents of Phillips Creek Ranch Community Association. ADT denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. ADT denies the allegations contained in Paragraph 28 of the Complaint.

29. ADT denies the allegations contained in Paragraph 29 of the Complaint.

30. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31. ADT states that after it entered the agreement to provide certain alarm monitoring equipment and services to residents of Phillips Creek Ranch Community Association, it began scheduling appointments with PCR Homeowners for programming and installation so as to prevent the PCR Homeowners from being without home security coverage when Premier's agreement with the Association expired. ADT denies the remaining allegations contained in Paragraph 31 of the Complaint.

32. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies them.

33. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies them.

34. ADT denies the allegations contained in Paragraph 34 of the Complaint.

35. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies them.

## V. CAUSES OF ACTION

### Tortious Interference with Existing Contracts with PCR Homeowners

36. ADT denies the allegations contained in Paragraph 36 of the Complaint.

### Tortious Interference with Prospective Relations with PCR Homeowners

37. ADT denies the allegations contained in Paragraph 37 of the Complaint.

**Tortious Interference with Existing Contract with the Developer and the Association**

38. ADT denies the allegations contained in Paragraph 38 of the Complaint.

**Tortious Interference with Existing Prospective Relations with Builders**

39. ADT denies it intentionally interfered with Premier's business relationships or caused Premier injury. ADT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint, and therefore denies them.

**Tortious Interference with Prospective Relations with Respect to Walsh**

40. ADT denies it intentionally interfered with Premier's business relationships or caused Premier injury ADT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

**Exemplary Damages**

41. ADT denies the allegations contained in Paragraph 41 of the Complaint, and specifically denies that Premier has suffered any damages or is entitled to relief of any kind.

## VI. <u>VICARIOUS AND PARTICIPATORY LIABILITY</u>

**Civil Conspiracy**

42. ADT denies the allegations contained in Paragraph 42 of the Complaint.

**Partnership Liability – Insight GP**

43. ADT denies the allegations contained in Paragraph 43 of the Complaint, and specifically denies it is liable to Premier in any manner or amount whatsoever.

## PRAYER

ADT denies that Premier is entitled to the relief sought in its PRAYER, including subsections 1 through 4.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to state a claim)**

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Lack of subject-matter jurisdiction)**

Premier's claims are barred as this Court lacks subject-matter jurisdiction because Premier has not and cannot allege a plausible injury caused by any activity undertaken by ADT.

### THIRD AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Premier's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
**(Laches)**

Premier's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
**(Equitable Estoppel)**

Premier's claims are barred, by the doctrine of equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE
**(Actions of others)**

Premier's claims are barred because ADT is not liable for the actions of third parties over which it has no control.

8913237

### SEVENTH AFFIRMATIVE DEFENSE
### (Actions permitted by law)

Premier's claims are barred because any alleged actions taken by ADT were permitted by law.

### EIGHTH AFFIRMATIVE DEFENSE
### (Comparative fault)

Premier's claims are barred because any damages allegedly suffered by Premier were caused solely by its own actions.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to mitigate damages)

Premier's claims are barred, in whole or in part, because Premier failed to mitigate its damages.

### TENTH AFFIRMATIVE DEFENSE
### (Underlying business agreements void)

Premier's claims are barred, in whole or in part, because the underlying agreements between it and the Association's homeowners are void as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Contrary to public policy)

Premier's claims are barred, in whole or in part, because Premier's claims render competition between parties in a free market impossible.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unrelated damages)

Premier's claims are barred, in whole or in part, because any damages allegedly sustained by Premier were the result of conditions unrelated to ADT's conduct.

8913237

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean hands)

Premier's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No interference)

Premier's claims are barred, in whole or in part, because ADT neither willfully nor intentionally interfered with any of Premier's purported business relationships.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No valid business relationships)

Premier's claims are barred, in whole or in part, because Premier did not have valid, ongoing business relationships with any entities identified in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No additional tort)

Premier's claims are barred, in whole or in part, because ADT has committed no independent tort or unlawful conduct separate from an alleged tortious interference.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Justification)

Premier's claims are barred, in whole or in part, because ADT's actions were justified as the good faith exercise of ADT's own legal rights.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No intent)

Premier's claims are barred, in whole or in part, because ADT did not act with a conscious desire to prevent any business relationship from occurring. Nor did ADT know any alleged interference was certain or substantially certain to occur as a result of its alleged conduct.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Relationship(s) terminable on notice)

Premier's claims are barred, in whole or in part, because any business relationship(s) with which ADT is alleged to have interfered was terminable on notice and thus not subject to tortious interference.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Speculative damages)

Premier's claims for damages are barred, in whole or in part, because they are too speculative or remote for recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Impermissible burden on interstate commerce)

Premier's claims are barred, in whole or in part, by the Interstate Commerce Clause of the United States Constitution because they attempt to regulate and therefore place an impermissible on interstate commerce.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Liability without proof of causation)

To the extent that Premier's claims are based on a theory providing for liability without proof of causation, such claims violate ADT's due process rights pursuant to the Texas and United States Constitutions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Due process violation)

Premier's claim for exemplary damages against ADT cannot be sustained because an award of exemplary damages under Texas law would violate ADT's due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as ADT's due process rights under cognate provisions of the Texas Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Harm to third-parties)**

Premier's claim for exemplary damages is barred by due process under the Federal and State Constitutions to the extent Premier seeks to impose punishment for harm allegedly caused to non-parties.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Exemplary damages are unconstitutional)**

If Premier sustained damages as alleged in the Complaint, which ADT specifically denies, the assessment of exemplary or punitive damages or damages for aggravating circumstances violates ADT's constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the cognate provisions of the Texas Constitution, in one or more of the following respects:

a. The guidelines, standards and/or instructions for assessing exemplary or punitive damages and/or damages for aggravating circumstances are vague, indefinite, or uncertain, supply no notice to ADT of the potential repercussions of its alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, are subject to the unbridled discretion of the jury, and do not allow adequate judicial review, thereby denying due process;

b. The assessment of exemplary or punitive damages and/or damages for aggravating circumstances is criminal or penal in nature and therefore the rights given defendants in criminal proceedings are applicable;

c. The assessment of exemplary or punitive damages and/or damages for aggravating circumstances amounts to the imposition of an excessive fine or cruel and unusual punishment;

d. The assessment of exemplary or punitive damages and/or damages for aggravating circumstances exposes ADT to multiple punishments and fines for the same act;

e. The assessment of exemplary or punitive damages and/or damages for aggravating circumstances constitutes double jeopardy;

f. The assessment of exemplary or punitive damages and/or damages for aggravating circumstances discriminates against ADT in that ADT's corporate status, wealth, or net worth may be considered by the jury in determining the amount of any such

8913237

     damage awards and different awards can be awarded against different defendants for the same act depending solely on the status or material wealth of various defendants, thereby denying equal protection under the law;

g. The assessment of exemplary or punitive damages and/or damages for aggravating circumstances does not provide an adequate procedure for the determination of exemplary or punitive damages in violation of the equal protection and substantive and procedural due process requirements of both the Missouri Constitution and the United States Constitution and in violation of the United States Supreme Court's decision in *Pacific Mutual Ins. Co. v. Haslip*;

h. The assessment of exemplary or punitive damages, and/or damages for aggravating circumstances, constitutes an impermissible burden on interstate commerce; and

i. The assessment of exemplary or punitive damages constitutes a violation of due process and other constitutional rights of ADT as set forth in the United States Supreme Court decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Additional defenses)

ADT reserves the right to assert additional affirmative defenses as may become available through investigation and discovery in the course of this matter.

## CONCLUSION

WHEREFORE, ADT prays that:

1. Premier take nothing and its action be dismissed with prejudice;

2. Judgment be entered in favor of ADT and against Premier with respect to all causes of action in the Complaint;

3. This Honorable Court award ADT its attorneys' fees and all costs, including pre- and post-judgment interest reasonably incurred in the defense of this lawsuit; and

4. This Honorable Court award ADT such other relief as it deems just and proper.

8913237

DATED this 10th day of September, 2018.

                Respectfully submitted,

                SHOOK, HARDY & BACON L.L.P.


        By: */s/ Tanya L. Chaney*
            Tanya L. Chaney
            Texas Bar No. 240363375
            JPMorgan Chase Tower
            600 Travis Street
            Suite 3400
            Houston, TX 77002-2926
            Telephone: 713-227-8008
            Facsimile:  713-227-9508
            tchaney@shb.com

            ***Attorneys for Defendant***
            ***ADT LLC***

8913237

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of September, 2018, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon all counsel of record, as follows:

## **SERVICE LIST**

John M. Frick
Shannon J. Beck
BENNETT, WESTON, LAJONE & TURNER, P.C.
1603 LBJ Freeway
Suite 280
Dallas, TX  75234
Telephone:  972-662-4901
Facsimile:  214-393-4043
ffrick@bennettweston.com
sbeck@bennettweston.com

*Attorneys for Plaintiff*
*Premier Electronics, L.L.C.*

                                                             /s/ *Tanya L. Chaney*
                                                             Tanya L. Chaney

8913237