IN THE UNITED STATES DISTRICT COIURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER ELECTRONICS, L.L.C., *Plaintiff* | § § § | |
| v. | § § | CASE NO. 3:18-CV-2036-S |
| ADT, L.L.C., *Defendant* | § § § | |

## AGREED SCHEDULING ORDER

Pursuant to fed. R. Civ. P. 16(b) and 26, and the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Scheduling Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:** This case is set for jury trial on this Court's three-week docket beginning **Monday, May 4, 2020, at 9:00 a.m.** Counsel and the parties must be ready for trial on two (2) days notice at any time during this three-week period, unless the Court allows otherwise at the pretrial conference. **Any potential conflicts which can now be contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Order.**

2. **Joinder of Parties:** By **February 1, 2019**, all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment pursuant to Paragraph 3 of this Scheduling Order, parties may be joined only upon motion to the Court.

3. **Amendment of Pleadings:** By **December 21, 2018**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. The amending party shall attach as an exhibit to the Amended Complaint a redlined version of the Complaint. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline. Thereafter, a party may only amend the pleadings by leave of Court, upon a showing of good cause.

4. **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **January 10, 2020**. Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline. If the parties seek to extend the dispositive motion deadline closer to the trial date than 90 days, such an extension may mean that the Court may not be able to decide such motions before trial. Delay in deciding motions will not affect the trial date. Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b). The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment. If such a motion was filed by a party, that party would have to seek leave to file any additional motion(s) for summary judgment.

5. **Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each expert witness who will testify at trial on such issue(s) and

otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **August 2, 2019**.

6. **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each expert witness who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **August 30, 2019**.

7. **Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed no later than **February 7, 2020**.

8. **Pretrial Disclosures and Objections:** Unless otherwise directed by Order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii), Fed. R. Civ. P. by **April 3, 2020**. Within seven (7) days thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of material identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on the admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

9. **Completion of Discovery:** The parties agree to exchange initial disclosures as required by Rule 26(a)(1), Fed. R. Civ. P., on or before **January 11, 2019**, to the

extent not already exchanged. By **November 22, 2019**, all fact and expert discovery shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) prompt written notice of the extension is given to the Court.

10. **Settlement Status Report and Settlement Conference:** Counsel, or the respective party if not represented by counsel, are directed to confer and file with the court by **June 7, 2019**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred. Counsel shall include in such report their view about any desire for a settlement conference to be conducted by the Magistrate Judge. Not later than **June 3, 2019**, the parties and their respective lead counsel must meet in person or by telephone to discuss settlement of this case. All parties must make a good faith effort to settle this case. Counsel must include the participants' names and capacities, and the results of the settlement conference in their joint report.

11. **Mediation:** Unless the parties otherwise agree in writing to the appointment of a different mediator, the Court hereby appoints Royal Ferguson as mediator. Each individual named party and a designated representative(s) of each party who is a business organization with full authority to settle this case shall personally attend a full-day mediation of this case by no later than **August 2, 2019**. Counsel, or the party if not represented by counsel, must provide scheduling information to the mediator at least sixty days in advance of this deadline.

12. **Pretrial Materials:**

   (a) By **April 10, 2010**, the following pretrial materials must be filed:

   1. **Pretrial Order:** A joint pretrial order shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate); however, failure to agree upon content or language is not an excuse for submitting separate pretrial orders, since each party may present its version of any dispute matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. Parties shall summarize their claims and defenses in the pretrial order.

   2. **Witness List:** Each party must file a list of witnesses who may be called by each party in its case in chief. Each witness shall contain a brief **narrative summary** of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the court reporter prior to trial.

   3. **Exhibit List and Deposition Testimony:** A list of exhibits and a designation of portions of depositions to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set of marked exhibits** with opposing counsel at least 14 days before the scheduled date for trial and **shall deliver a set of marked exhibits to the Clerks' Office, 14th Floor, marked attention Judge Scholer's Chambers**. Exhibits are to be paced in three-ring binders, the front of the binder is to be labeled with the style of the case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench. A copy of the exhibit list must be furnished to the court reporter prior to trial.

   (b) By **April 17, 20~~10~~ 20**, the following must be filed:

   1. Jury Instructions: Requested jury instructions (annotated)[1] and issue shall be filed by each party. The instructions and issues must be tailored to the specific case.

---

[1] "Annotated" means that whenever possible, each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

Proposed jury instructions shall be both e-filed and emailed in "Word" format to the Court's attention.

2. **Proposed Voir Dire Questions:** Proposed voir dire questions which the Court is requested to ask during its examination of the jury panel must be filed.

The Court may submit to the jury a standard written questionnaire. The parties may propose necessary modifications to the form as the case gets closer to trial. After completion of its voir dire, the Court will allow counsel additional time to conduct their own voir dire examination.

13. **Objections to Pretrial Materials and Motions in Limine:** In addition to the objections to exhibits and designated deposition testimony referenced in Paragraphs 8 and 12(a)(3), objections to witness lists shall be filed by **April 21, 2020**. Motions in limine, if any, shall be filed by **April 21, 2020**, unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date. The parties shall confer promptly to determine what limine items may be unobjectionable. Not later than twenty-four hours before the time scheduled for the pretrial conference, the parties shall advise the court, in writing, of what limine items remain in genuine dispute.

14. **Pretrial conference:** A pretrial conference in this case is set for **Thursday, April 23, 2020, at 1:30 p.m.** Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admission that would facilitate the admission of evidence and reduce the time and expenses of trial. Fed. R. Civ. P. 16(b). The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

15. **Modifications of Scheduling Order:** The parties may agree to modify the deadlines established by Paragraphs 2, 3, 5, 6, 7, and 9 of this scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-

eight (28) days before trial; and any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court. If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 8, 12, or 13, they shall file their motions seeking such an extension before the deadline elapses. This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b). It is only under truly extraordinary circumstances that the Court will reset the trial date. If any such request is made, it must be in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

16. **Response Dates:** Under Local Rule 7.1, unless otherwise directed by the Court Responses to Motions must be filed by the twenty-first day after the Motion is filed, and replies are to be filed by the fourteenth day after the Response is filed. If the due date falls on a Saturday, Sunday, or federal holiday, the Response to Reply is due on the next business day. Federal Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to Response to reply due dates, which are calculated under Local Rule 7.1 according to the Motion or Response's filing date, not the date of service/ If a party is unaware of the filing date of a Motion or Response, the party may contact the Court to ascertain that information.

17. **Trial Procedure:** Judge Scholer allows wide-open cross examination at trial. Redirects and recrosses are limited to the immediately preceding examination. Each

party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case. If parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in jury room.

18. The courtroom in which this case will be tried, and in which any motion that is set for hearing will be heard, has electronic equipment to assist in the expeditious presentation of the case and making of the record. Description of this equipment and training resources for lawyers are available on the Court's website.

    **The Court requires that all persons planning to use the equipment schedule training through the Court's Information Technology Department prior to the beginning of any trial or motion hearing.**

19. **Parties:** Whenever the name of any party or the name of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

20. **Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

IT IS SO ORDERED this 3rd day of December, 2018.

*/s/ Karen Gren Scholer*
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT COURT**

**AGREED AS TO FORM AND CONTENT:**

BENNETT, WESTON, LaJONE & TURNER, P.C.

*/s/ John M. Frick*

John M. Frick
Texas Bar No. 07455200
jfrick@bennettweston.com

1603 LBJ Fwy. Ste. 280
Dallas, TX  75234
Tel:   972.662.4901
Fax:   214.393.4043

**ATTORNEY FOR PLAINTIFF
PREMIER ELECTRONICS, L.L.C.**

SHOOK, HARDY & BACON, L.L.P.

*/s/ Eric S. Boos\**

Tanya L. Chaney
Texas Bar No. 240363375
tchaney@shb.com

JPMorgan Chase Tower
600 Travis Street, Ste. 3400
Houston, TX  77002-8008
Tel:   713.227.8008
Fax:   713.227.9508

Eric S. Boos, *Pro Hac Vice*
esboos@gmail.com
Citigroup Center
201 S. Biscayne Blvd., Ste. 3200
Miami, FL  33131-4332
Tel:   305.358.5171
Fax:   305.358.7470

**ATTORNEYS FOR DEFENDANT
ADT, L.LC.**

*\*Signed by permission*