IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER ELECTRONICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-2036-E |
| | § | |
| ADT, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to strike the report of Plaintiff's expert Phillip Hogan (Doc. No. 26). Defendant argues the report is untimely and caused it unfair prejudice. For reasons that follow, after considering the motion, Plaintiff's response, Defendant's reply, the Court grants the motion.

**Background**

In 2012, Plaintiff Premier Electronics, LLC entered into a written agreement to provide security alarm monitoring services for all residences in a new development known as Phillips Creek Ranch (PCR). The agreement included a bulk billing arrangement. The PCR homeowners' association would collect the money for the monitoring services as part of the homeowners' dues and the association would pay Premier. Homeowners could contract with Premier for additional services, such as cellular monitoring services, for which the individuals would be billed separately.

In October 2017, Premier filed this lawsuit against Defendant ADT, LLC in state court. Premier's pleading alleges ADT tortuously interfered with its existing and prospective contracts and also asserted a claim for civil conspiracy. Premier alleged five different tortious interference claims: 1) tortious interference with existing contracts with PCR homeowners; 2) tortious

1

interference with prospective relations with PCR homeowners; 3) tortious interference with the existing contract with PCR's developer and homeowners' association; 4) tortious interference with existing prospective relations with builders constructing residences in PCR; and 5) tortious interference with prospective relations with respect to another residential development known as Walsh.

ADT removed the case to federal court. A deadline of August 31, 2018, was set for initial expert disclosures. In March 2018, Premier amended its complaint to add two defendants. Because this destroyed diversity, the Court granted Premier's unopposed motion to remand on April 2, 2018. In August 2018, ADT removed the case to federal court again after Premier failed to serve the new defendants. The Court entered a new scheduling order, under which Premier was required to provide its expert reports by August 2, 2019. The discovery deadline was November 22, 2019. The case was set for trial on May 4, 2020, but this setting has been continued due to the COVID-19 pandemic.

As permitted by the scheduling order, the parties agreed to extend the August expert report deadline to October 21, 2019. Premier served ADT with its initial expert disclosure two days late. ADT accepted the report as timely. Premier disclosed CPA Philip Hogan as its expert on damages. ADT asserts, and Premier does not dispute, that Hogan's first report did not comply with Rule 26(a) because it did not include all of the materials he relied on in preparing the report and did not include a statement of his compensation or a list of other cases within the past four years in which he served as a testifying expert. *See* FED. R. CIV. P. 26(a)(2)(B). Premier served an amended report on November 11, 2019. The first two reports state that Premier's damages are $673,570.23 and list four categories of damages. The damages identified resulted from 1) the loss of regular residential security monitoring system and service customers; 2) the loss of cellular residential

security monitoring system and service customers; 3) loss of the opportunity to renew contracts for services provided to regular customers; and 4) loss of the opportunity to renew contracts for services provided to cellular customers.

On December 12, 2019, the day before Hogan's deposition, Premier provided a third report from Hogan, titled "Supplement to Report of Damage Findings." In this report, Hogan opined that in addition to damages of $673,570.23, Premier had other damages which totaled $3.57 million. ADT asserts Hogan presented three new categories of damages: 1) future lost cash flow related to the provision of basic alarm monitoring and cellular signal transmission for about 2000 unbuilt homes in the amount of $904,001.42; 2) profits from sales of home theater and Wi-Fi to the approximately 2000 unbuilt homes in the amount of $2,161,991.99; and 3) future lost revenue for smart home systems in the amount of $1,411,449.90.

In addition, Hogan states, "[W]e have recently been informed of additional damages sustained by [Premier] associated with another community. We have not been afforded the time necessary to prepare additional determinations of monetary losses applicable to this other community, and therefore, we will supplement the findings contained herein as soon as practicable." In his deposition, Hogan stated that he believed he would supplement his report with damage information for the Walsh community and another community known as Light Farms.

ADT argues that Hogan's third expert report was untimely. Because it contained new opinions related to new damages theories, according to ADT, it was not a supplemental report under Rule 26(e). ADT also notes that the untimely report relies on information available to Premier prior to the August 2019 deadline and in Premier's sole control. ADT asks the Court to strike the report and limit Hogan's testimony to opinions contained in the initial report and

amended report. ADT asserts the untimely report has unfairly prejudiced it and that Premier cannot justify its failure to disclose Hogan's new opinions.

Premier does not dispute that Hogan's third report was untimely. It agrees with ADT that the initial report was incomplete and also acknowledges the amended report was incomplete. Premier requested a third report from Hogan and does not dispute that it adds calculations for future substantial damages not included previously.

Premier offers two reasons why its first two reports were incomplete. First, Premier cites the tornadoes that struck Dallas on October 20, 2019. Hogan's building experienced a power outage. Premier also asserts its lead counsel John Frick was unable to provide clear guidance to Hogan regarding the contents of the report. Premier asserts the "active civil litigation section" of Frick's law firm consisted of Frick and two other attorneys. The other two attorneys died unexpectedly, one in September 2019 and one in October of 2019. This sudden increase in Frick's case load reduced the amount of time he had to communicate with Hogan about the expert report. Premier also argues that any prejudice to ADT can be cured.

**Analysis**

Under the Federal Rules of Civil Procedure, a party must disclose to the other parties the identity of any witness it may use at trial. FED. R. CIV. P. 26(a)(2)(A). If a witness has been retained to provide expert testimony in the case, the disclosure must be accompanied by a written report. *Id.* 26(a)(2)(B). The report must include a complete statement of all opinions the witness will express and the basis and reasons for them. *Id.* 26(a)(2)(B)(i). If a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless. *Id.* 37(c)(1). The court also has the power to order payment of reasonable expenses

4

caused by the failure, inform the jury of the party's failure, and impose other appropriate sanctions. *Id.*

Although Hogan's third report is titled "Supplement to Report of Damage Findings," the report contains new opinions on damages based on facts previously available. Premier does not attempt to argue that the report is an appropriate supplement to previous reports based on new information. *See id.* 26(e)(1) (party must supplement or correct disclosure if it learns it is incomplete or incorrect); *Eagle Railcar Servs.-Roscoe, Inc. v. NGL Crude Logistics, LLC*, No. 1:16-CV-0153-BL, 2018 WL 2317696, at *7 (N.D. Tex. May 22, 2018).

A district court has broad discretion to preserve the integrity and purpose of a pretrial scheduling order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). There are four factors to consider in determining whether to exclude an expert report for failure to comply with scheduling order deadlines: 1) the importance of the testimony; 2) the party's explanation for its failure to comply with the court's order; 3) the potential prejudice that would arise from the testimony; and 4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Here, Hogan's opinions in the untimely report are extremely important to Premier. The December 2019 report set out damages of $4.2 million whereas previous reports set out damages of $674,000. Premier argues that without the latest report, "it may prove difficult, time-consuming, and tedious for Premier to present evidence of such damages at the time of trial." Although the importance of this testimony weighs against striking Hogan's third report, the importance of a witness's proposed testimony cannot "singularly override the enforcement of local rules and scheduling orders." *Id.* (quoting *Geiserman*, 893 F.2d at 792).

Next the Court looks at Premier's explanation for its failure to meet the Court's deadline. The exclusion of expert testimony is particularly appropriate where a party does not offer an adequate explanation for failing to comply with the deadlines established in a scheduling order. *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991). Premier asked ADT for more time to serve its initial expert designation, and ADT agreed. The parties agreed to extend the original deadline to October 21, 2019. In its response, Premier asks the Court to take judicial notice of the tornadoes in Dallas on October 20, 2019, that caused substantial damage and power outages. Hogan did not have power at his office on October 21 as a result of the tornadoes. Premier provided Hogan's initial report on October 23. Premier also explains that its attorney, John Frick, was unable to provide clear guidance to Hogan about the contents of the report. An associate who previously assisted Frick left the firm in May 2019. In addition, two other lawyers at the firm died unexpectedly on September 11, 2019, and October 25, 2019, leaving Frick as the only remaining full-time civil litigator in the office.[1] Frick's case load was suddenly increased, and he did not have as much time as before to communicate with Hogan. Also, Hogan devotes less than one fourth of his work to serving as an expert witness and is rarely hired as an expert in federal litigation. Premier argues these circumstances adequately explain why it was necessary for Hogan to first amend and later supplement his report. While the sudden loss of two colleagues is certainly tragic, the Court notes that both deaths occurred after the initial August 2019 expert report deadline and one occurred after Premier served Hogan's initial expert report. These circumstances do little to explain why Premier's initial report was incomplete. Premier had already requested an extension of the August deadline prior to these events. ADT asserts that discovery was

---

[1] ADT responds that "even a cursory review of the website for Premier's counsel's law firm reveals that of the 12 remaining attorneys in the firm, over half have experience in civil litigation."

unnecessary for preparation of Hogan's report as it is based entirely on information in Premier's possession. Instead of asking opposing counsel for another extension or filing a motion with the Court, Premier waited until December 2019 to serve a third report with the new damage opinions.

The third factor is the potential prejudice to ADT. The untimely report contains new opinions. ADT contends it should not have to re-engage in discovery matters that should have been completed months ago. Premier counters that ADT's theory of the case is that the individual agreements automatically ended when the homeowners' association terminated the bulk billing agreement. Premier thus argues ADT's defense goes to liability instead of damages. Premier provided the most recent report right before ADT took Hogan's deposition and has offered to tender Hogan for additional examination about the contents of the report. Premier argues any prejudice to ADT is minimized by the time between service of the report in question and the trial setting.

Finally, the Court considers the availability of a continuance to cure the prejudice. A continuance is the preferred means of dealing with a party's attempt to designate a witness out of time. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007). ADT argues, and the Court agrees, that a continuance would result in additional delay and increase the expense of defending the lawsuit. *See id.*; *Williams v. Gonzales*, No. Civ.A.104CV342, 2005 WL 3447885, at *7 (E.D. Tex. Dec. 14, 2005).

Of the four relevant factors, only the importance of the evidence weighs in Premier's favor and that factor alone does not override enforcement of the scheduling order. Hogan's latest expert report was provided four months after the expiration of the deadline in the Court's scheduling order and almost two months after the extension ADT agreed to. Premier had adequate time and extensions to marshal its evidence and produce an expert report that complies with Rule 26(a)(2).

7

That it plans to produce another totally new untimely expert report makes this Court's scheduling order powerless to keep this case on track. ADT is entitled to defend this case and not be forced to respond to a damages opinion that is everchanging. Premier has failed to show that its noncompliance with the scheduling order is justified or harmless. ADT's motion is granted. Accordingly, the Court strikes Premier's expert report dated December 12, 2019. Premier will not be permitted to use the untimely report or any testimony based thereon as evidence.

    **SO ORDERED.**

    Signed June 19, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

That it plans to produce another totally new untimely expert report makes this Court's scheduling order powerless to keep this case on track. ADT is entitled to defend this case and not be forced to respond to a damages opinion that is everchanging. Premier has failed to show that its noncompliance with the scheduling order is justified or harmless. ADT's motion is granted. Accordingly, the Court strikes Premier's expert report dated December 12, 2019. Premier will not be permitted to use the untimely report or any testimony based thereon as evidence.

    **SO ORDERED.**

    Signed June 19, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE