IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER ELECTRONICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-2036-E |
| | § | |
| ADT, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment (Doc. No. 23) and Defendant's Motion to Strike Certain Summary Judgment Evidence (Doc. No. 33). Defendant moves for summary judgment on all of Plaintiff's claims and also moves to strike some of Plaintiff's summary judgment evidence. For reasons that follow, the Court grants both motions in part and denies them in part.

Plaintiff Premier Electronics, LLC entered into a written agreement to provide security alarm monitoring services for all residences in a new development known as Phillips Creek Ranch (PCR). The agreement was between Premier, the developer, and the PCR homeowners' association. It included a bulk billing arrangement under which the homeowners' association collected the money for the monitoring services as part of the homeowners' dues and paid Premier. Homeowners could contract individually with Premier for additional services, such as cellular monitoring services, for which the homeowners would be billed directly.

Premier later filed this lawsuit against Defendant ADT, LLC. Premier's pleading alleges ADT tortuously interfered with its existing and prospective contracts and also asserted a claim for civil conspiracy. Premier alleged five different tortious interference claims: 1) tortious

1

interference with existing contracts with PCR homeowners; 2) tortious interference with prospective relations with PCR homeowners; 3) tortious interference with the existing contract with PCR's developer and homeowners' association; 4) tortious interference with existing prospective relations with builders constructing residences in PCR; and 5) tortious interference with prospective relations with respect to another residential development known as Walsh.

ADT moved for summary judgment on all six of Premier's claims. It has also objected to and moved to strike portions of the evidence Premier presented in opposition to the motion for summary judgment. Premier filed a response to the motion for summary judgment, but did not respond to ADT's motion objecting to its summary judgment evidence.

First, ADT raises twenty objections to statements in the declaration of Shawn Griffith, Premier's president and CEO. ADT objects on various grounds—hearsay, best evidence rule, lack of personal knowledge, and improper foundation. The Court sustains ADT's objections 1, 3, 4, 5, 6, 9, 15, 16, 17, 18, 19, and 20. ADT's other objections to Griffith's declaration are overruled.

ADT also raises four objections to other documents submitted by Premier as summary judgment evidence, namely two declarations from Thomas Pritchard and Elaine Roberts and several emails from other people. The Court sustains ADT's objection number 24 and overrules objections 21, 22, and 23. In determining the motion for summary judgment, the Court has not considered the evidence as to which it sustained objections.

Turning to the motion for summary judgment, in its response, Premier acknowledges that the evidence shows ADT did not initiate contact with the PCR homeowners' association. Instead, Insight Association Management LP, a property management company hired to manage the homeowners' association, approached ADT. Premier thus concedes that its "complaints about the notice of non-renewal of the bulk-billing Agreement with the Association and the Developer are

2

no longer focused on ADT." Accordingly, the Court **GRANTS** summary judgment for ADT on Premier's claim for tortious interference with the existing contract with PCR's developer and homeowners' association. As to the rest of Premier's claims, after careful consideration of the summary judgment motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record, the Court concludes genuine issues of material fact exist for the fact finder to determine, making summary judgment inappropriate. The Court thus **DENIES** ADT's motion for summary judgment as to the remainder of Premier's claims.

    **SO ORDERED.**

    Signed July 22, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE