IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER ELECTRONICS, L.L.C., | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO. 3:18-CV-2036-S |
| | § | |
| ADT, L.L.C., | § | |
|     *Defendant* | § | |

## PLAINTIFF PREMIER'S MOTION IN LIMINE

Plaintiff Premier Electronics, L.L.C. ("Premier") files Plaintiff Premier's Motion in Limine.

### TIMING

**1.** Premier files this Motion before any proceedings have been had in the presence of a jury, before voir dire examination of a jury panel, and before the introduction of any evidence.

### SCOPE

**2.** With respect to the matters set forth below, Premier requests the Court to instruct Defendant ADT and counsel for ADT not to mention such matters during opening statements, by interrogation of any witness, by argument, by objection, by comments in the presence of the trier of fact, or by any other manner, directly or indirectly, until each such matter has been called to the attention of the Court and until this Court has ruled on the admissibility of such material. Premier further requests that such party and its counsel be instructed to apprise each of its witnesses of the contents of this Motion and that this Motion should not be deliberately or inadvertently violated by a witness.

### SUBJECT MATTER

**3.** The matters subject to this motion in limine are as follows:

      a.      Any question, testimony, or reference to any other lawsuits or arbitration proceedings filed by or against Premier.  FED. R. EVID. 401, 403, & 404.

      b.      Any question, testimony, or reference to any other lawsuits or arbitration proceedings filed by or against Premier's managing member Shawn P. Griffith.  FED. R. EVID. 401, 403, & 404.

      c.      Any question, testimony, or reference to any other lawsuits or arbitration proceedings filed by or against Powell Protection Systems, Inc.—a corporation owned by Premier's managing member Shawn P. Griffith.  FED. R. EVID. 401, 403, & 404.

      d.      Any question, testimony, or reference to any settlement negotiations, offers, or proposals exchanged between the parties, including during mediation of this case.  FED. R. EVID. 401, 403, & 408.

      e.      Any question, testimony, or reference to any confidential communications between Premier and its attorneys in connection with this or any other litigation.  FED. R. EVID. 501 & TEX. R. EVID. 503.  This includes any person who, to facilitate the rendition of professional services to Premier, made or received a confidential communication while acting in the scope of employment for Premier, such as Premier's current and former employees.  TEX. R. EVID. 503(a)(2)(B).

      f.      Any question, testimony, or reference to the opinion, mental impression, or conclusion of any lay witness which is not rationally based on the perception of the witness (i.e. the witness's interpretation of information acquired through his or her own senses or experiences at the time of the event) unless that witness has been timely designated as a testifying expert witness.  FED. R. EVID. 701.

      g.    Any question, testimony, or reference to an opinion, mental impression, or conclusion of any witness (including anyone designated as an expert witness), except for parties to the agreement itself, as to the intent, meaning, or operation of any contractual term or provision of Premier's Security System Agreement with the Association and Developer and of Premier's individual security monitoring agreements.  *See, e.g.*, *Waste Mgmt. of La., L.L.C. v. Jefferson Parish*, 2015 U. S. Dist. LEXIS 135529 *38-39 (E.D. La. 2015); *Stallion Heavy Haulers, L.P. v. Lincoln Gen. Ins. Co.,* 2011 U.S. Dist. LEXIS 3322 * 8 (W.D. Texas 2011); *Fisher v. Halliburton*, 2009 U.S. Dist. LEXIS 118486 * 20 (S.D. Tex. 2009).  The interpretation of an unambiguous written contract is question of law for the court.  *E.g.*, *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 562 (5th Cir. 2010).  Expert opinion testimony on the proper interpretation of contract terms may be admissible when the meaning depends on trade or industry practice. *Stallion Heavy Haulers*, 2011 U.S. Dist. LEXIS 3322 *8.  Neither party suggests that there is a trade or industry practice with respect to bulk-billing security system agreements because the business model itself is so new in the security industry that no such trade or industry practice has developed.  "In the absence of specialized trade usage, expert testimony regarding proper contract interpretation is inadmissible, as is expert testimony regarding the legal significance of the contract language."  *E.g.*, *Fisher*, 2009 U.S. Dist. LEXIS 118486 * 20; *citing Sparton Corp. v. U.S.*, 77 Fed. Cl. 1, *8 (Fed. Cl. 2007); *accord TCP Indus. v. Uniroyal, Inc.*, 661 F.2d 542, 549-50 (6th Cir. 1981)("Absent any need to clarify or define terms of art, science, or trade, expert opinion testimony to interpret contract language is inadmissible. . . The question of what the contract clause meant was a factual one for the jury to determine from the testimony presented").

4.      Premier respectfully maintains that if the matters contained above were made known to the jury, it would be highly improper and unfairly prejudicial to Premier, even though the Court sustained an objection. The evidentiary problems mentioned in this Motion cannot be properly and fairly handled during the ordinary course of trial and, in all probability, any such attempt would probably result in a mistrial.

## PRAYER

Premier prays that this Court grant this Motion and instruct Defendant and Defendant's counsel to abide by its ruling on the specific matters addressed herein as requested herein. Plaintiff prays for general relief.

Respectfully submitted,

*/s/ John M. Frick*

_____

**John M. Frick**
Texas Bar No. 07455200
*jfrick@bennettweston.com*

**BENNETT, WESTON, LAJONE & TURNER, P.C.**
1603 LBJ Freeway, Suite 280
Dallas, Texas  75234
Tel:    (972) 662-4901
Fax:    (214) 393-4043

**ATTORNEYS FOR PLAINTIFF
PREMIER ELECTRONICS, L.L.C.**

4

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing Plaintiff Premier's Motion in Limine has been furnished to the following counsel in accordance with the Federal Rules of Civil Procedure, this 11th day of January, 2021:

| | |
|---|---|
| Eric S. Boos | Tanya L. Chaney |
| SHOOK, HARDY & BACON, L.L.P. | SHOOK, HARDY & BACON, L.L.P. |
| Citigroup Center | JPMorgan Chase Tower |
| 201 S. Biscayne Blvd., Suite 3200 | 600 Travis St., Ste. 3400 |
| Miami, FL  33131-4332 | Houston, TX  77002-2926 |
| esboos@gmail.com | tchaney@shb.com |

             */s/ John M. Frick*_____
             John M. Frick