**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PREMIER ELECTRONICS, L.L.C.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 3:18-CV-2036-S** |
| | § | |
| **ADT L.L.C.,** | § | |
| *Defendant* | § | |

## PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Amended Scheduling Order [Doc 18], Plaintiff Premier Electronics, LLC ("Premier") and Defendant ADT LLC ("ADT") (collectively, the "Parties") submit the following Proposed Jury Instructions.

1.     The Parties agree as to many of the prefatory instructions, but have considerable disagreement as to the specific questions and accompanying instructions to submit to the jury that control the disposition of this case.  Accordingly, this document is being presented in three sections.

**Section I** contains prefatory instructions in a form that the Parties both agree are compliant with the relevant Fifth Circuit Pattern Jury Instructions (Civil Cases) and other controlling law.

**Section II** contains a single prefatory instruction, as well as specific jury questions and accompanying instructions requested by Plaintiff Premier Electronics, L.L.C. in what it considers to be the logical order of progression.

**Section III** contains specific jury questions and accompanying instructions requested by Defendant ADT L.L.C. in what it considers to be the logical order of progression.

**I.**
**JOINT AGREED INSTRUCTIONS**

**INSTRUCTIONS FOR BEGINNING OF TRIAL**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your fam- ily, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any in- formation about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the

case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Citation:  Instruction 1.1 from the PATTERN JURY INSTRUCTIONS (CIVIL CASES) 5th Cir. 2020 ed. (hereinafter, Fifth Circuit PJI Instr.  X.X)

**PRELIMINARY INSTRUCTIONS TO JURY**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Black- berry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any

other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I

may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present its case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

Citation:  Fifth Circuit PJI Instr.  1.2


**JURY CHARGE**

MEMBERS OF THE JURY:  It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Citation: Fifth Circuit PJI Instr. 3.1

**BIAS—CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Citation:  Fifth Circuit PJI Instr.  2.16.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff Premier Electronics, L.L.C. has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Premier Electronics, L.L.C. has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

Citation:  Fifth Circuit PJI Instr. 3.2.

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Citation:  Fifth Circuit PJI Instr.  3.3.

**STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Citation:  Fifth Circuit PJI Instr.  2.3.


**LIMITING INSTRUCTION**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

Citation:  Fifth Circuit PJI Instr.  2.6.

*Note:  This instruction will only be needed if testimony or an exhibit is admitted for a limited purpose.*

**CHARTS AND SUMMARIES**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Citation:  Fifth Circuit PJI Instr.  2.7.

*Note:  This instruction will only be needed if charts or summaries are admitted.*

**DEMONSTRATIVE EVIDENCE**

Plaintiff's Exhibit Nos. 21 - 25 are an illustration. It is a party's graphical depiction used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Citation:  Fifth Circuit PJI Instr.  2.8.


**TRANSCRIPT OF RECORDED CONVERSATION**

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence as Defendant Exhibit No. 2 was shown to you. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript as Defendant Exhibit No. 4 for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Citation:  Fifth Circuit PJI Instr. 2.14.

*Note:  This instruction will only need to be given if the Court admits ADT Exhibit No. 2.*

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Citation:  Fifth Circuit PJI Instr.  3.4.


**WITNESSES NOT CALLED**

Many witnesses were available to both sides.  Neither party can complain that a witness was not called to testify because either Plaintiff or Defendant could have called such witnesses.

Citation:  Adapted from Fifth Circuit PJI Instr.  2.9.

*Note:  This instruction will not be necessary unless the issue of an adverse inference or other absent witness issue arises.*

**EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Citation:  Fifth Circuit PJI Instr.  3.5.


**IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Citation:  Fifth Circuit PJI Instr.  2.11.


**NO INFERENCE FROM FILING SUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit.

The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Citation:  Fifth Circuit PJI Instr.  3.6.


**DISCONTINUANCE AS TO SOME PARTIES**

Certain parties are no longer involved in this trial.  As jurors, it is your duty to consider the issues among the remaining parties.

Citation:  Fifth Circuit PJI Instr.  2.5.


**DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Citation:  Fifth Circuit PJI Instr.  3.7.

**II.**
**REQUESTED BY PLAINTIFF PREMIER ELECTRONICS, L.L.C.**

**SIMILAR ACTS**

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.  Then how may you consider evidence of similar acts?  You may consider evidence of similar acts for the limited purpose of showing [name]'s [motive], [opportunity], [intent], [knowledge], [plan], [identity], or [absence of mistake or accident], which is at issue in this case.  Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect [name]'s character.

Citation:  Fifth Circuit PJI Instr.  2.10.

*Note:  This instruction will need to be customized if the Court allows testimony or evidence of similar acts by either party.*

**QUESTION NO. 1:**

Were ADT, L.L.C. and Insight Association Management, L.P. part of a conspiracy that damaged Premier Electronics, L.L.C.?

To be part of a conspiracy, ADT, L.L.C. and Insight Association Management, L.P. must have had knowledge or, agreed to, and intended a common objective or course of action that resulted in damages to Premier Electronics, L.L.C.  One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

Answer "Yes" or "No"

Answer: _____

Citation:   Texas Pattern Jury Charges 109.1 (State Bar of Texas 2014) [hereafter Texas PJC ___].

If you answer "Yes" to Question No. 1, you may consider acts committed by employees and representatives of Insight Association Management, L.P. in furtherance of the conspiracy as acts of ADT, L.L.C. unless they were committed before the agreement creating the conspiracy.

Citation:  *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925-26 & 928 (Tex. 1979).

**QUESTION NO. 2:**

Did ADT, L.L.C. intentionally interfere with the security monitoring agreements between Premier Electronics, L.L.C. and its homeowner customers in Phillips Creek Ranch?

Interference is intentional if committed with the desire to interfere with the contracts or with the belief that interference is substantially certain to result.

[Premier suggests including the instructions requested below here]

Answer "Yes" or "No" for each of the following categories of customers:

Customers with only alarm monitoring services                    **Answer: _____**

Customers with additional services, including cellular alarm
transmission services                                            **Answer: _____**

Citation:  Texas PJC 106.1.

It is your duty to interpret the following language of the agreement:

[To be added by ADT's attorney]

You must decide its meaning by determining the intent of the parties at the time of the agreement.  Consider all the facts and circumstances surrounding the making of the agreement, the interpretation placed on the agreement by the parties to the agreement, and the conduct of the parties to the agreement.

Citation:  Adapted from Texas PJC 101.8.

PROPOSED JURY INSTRUCTIONS                                       - Page 16

If you find that a particular custom or usage existed when the agreement was made, you may consider whether the parties to the agreement intended that it would affect the particular term of the agreement set forth above.

Citation:  *See* Texas PJC 101.9; adapted from *Lambert v. H. Molsen & Co.*, 551 S.W.2d 151, 154 (Tex. Civ. App.—Waco 1977, writ ref'd n.r.e.).

The security monitoring agreements between Premier Electronics, L.L.C. and its homeowner customers in Phillips Creek Ranch contain the following provision:

> e.) Additional services initial term shall be five (5) years starting on the first day of the month during which the Equipment is installed and connected by Premier or its contractor(s).  The agreement will automatically continue for successive one year renewal terms unless Customer or Premier gives written notice of cancellation at least 60 days from the initial or renewal term ends.

For purposes of this matter, you are instructed this language means that security monitoring agreements between Premier Electronics, L.L.C. and its homeowner customers in Phillips Creek Ranch did not automatically end when the PCR Community Association, Inc. gave Premier Electronics, L.L.C. notice on April 21, 2016, of its intention not to renew its Security System Agreement with Premier Electronics, L.L.C. or when the initial term of that agreement ended.

Citation:  *See* Texas PJC 101.7.

A party may not interfere with the performance of a contract before the contract is cancelled by a party to that contract.

Citation:  Adapted from RESTATEMENT (2D) OF TORTS § 766 cmt. f. & g.

In determining whether ADT, L.L.C. intentionally interfere with such security monitoring agreements, you may consider whether ADT, L.L.C. intentionally induced or caused homeowner customers in Phillips Creek Ranch to breach their security monitoring agreements with Premier Electronics, L.L.C.

Citation:  *See, e.g., Clements v. Withers*, 437 S.W.2d 818, 820 (Tex. 1969); *John Paul Mitchell Sys. v. Randall Food Mkts.*, 17 S.W.3d 721, 730-31 (Tex. App.—Austin 2000, pet. denied).

In determining whether ADT, L.L.C. intentionally interfere with such security monitoring agreements, you may consider whether ADT, L.L.C. intentionally interfered with Premier Electronics, L.L.C.'s performance of its security monitoring agreements with homeowner customers in Phillips Creek Ranch by preventing the performance or by making the performance impossible or more burdensome, difficult, or expensive.

Citation:  *See, e.g.*, *AKB Hendrick, L.P. v. Musgrave Enters.*, 390 S.W.3d 221, 236 (Tex. App.—Dallas 2012, no pet.); *Seelbach v. Clubb*, 7 S.W.3d 749, 757 (Tex. App.—Texarkana 1999, pet. denied).

## QUESTION NO. 3:

Did ADT, L.L.C. intentionally interfere with Premier Electronics, L.L.C. prospective relations with future homeowners in Phillips Creek Ranch?

Interference is intentional if committed with the desire to interfere with the relations or with the belief that interference is substantially certain to result.

[Premier suggests including the instructions requested below here]

Answer "Yes" or "No"

Answer: _____

Citation:  Adapted from Texas PJC 106.1; see Texas PJC 106.3.

In determining whether prospective relations exist with respect to this Question, Premier Electronics, L.L.C. does not need to prove that a contract would have been made but for the interference; it must prove only that the formation of a contract was reasonably probable, considering all the facts and circumstances related to the transaction.

Citation:  *See, e.g.*, *Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475-76 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Surprise v. DeKock*, 84 S.W.3d 378, 382 (Tex. App.—Corpus Christi 2002, no pet.).

**QUESTION NO. 4:**

Did ADT, L.L.C. intentionally interfere with Premier Electronics, L.L.C. prospective relations with the builders who were building residences in Phillips Creek Ranch?

Interference is intentional if committed with the desire to interfere with the relations or with the belief that interference is substantially certain to result.

[Premier suggests including the instructions requested below here]

Answer "Yes" or "No"

Answer: _____

Citation:  Adapted from Texas PJC 106.1; see Texas PJC 106.3.

In determining whether prospective relations exist with respect to this Question, consider whether Premier Electronics, L.L.C. had a continuing business relationship or other customary relationship with such builders that does not amount to a formal contract.

Citation:  *See, e.g.*, *Heil-Quaker Corp. v. Mischer, Corp.*, 863 S.W.2d 210, 214 (Tex. App.—Houston [14th Dist.] 1993), writ granted w.r.m., 877 S.W.2d 300 (Tex. 1994).

**QUESTION NO. 5:**

Did ADT, L.L.C. intentionally interfere with Premier Electronics, L.L.C.'s prospective relations with the developer and homeowner's association for the Walsh development?

Interference is intentional if committed with the desire to interfere with the relations or with the belief that interference is substantially certain to result.

[Premier suggests including the instructions requested below here]

Answer "Yes" or "No"

Answer: _____

Citation:  Adapted from Texas PJC 106.1; see Texas PJC 106.3.

PROPOSED JURY INSTRUCTIONS                                                              - Page 19

In determining whether prospective relations exist with respect to this Question, Premier Electronics, L.L.C. does not need to prove that a contract would have been made but for the interference; it must prove only that the formation of a contract was reasonably probable, considering all the facts and circumstances related to the transaction.

Citation:  *See, e.g.*, *Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475-76 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Surprise v. DeKock*, 84 S.W.3d 378, 382 (Tex. App.—Corpus Christi 2002, no pet.).

If Plaintiff Premier Electronics, L.L.C. has proved its claim against Defendant ADT, L.L.C. by a preponderance of the evidence, you must determine the damages to which Plaintiff Premier Electronics, L.L.C. is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Premier Electronics, L.L.C.'s damages as an indication in any way that I believe that Plaintiff Premier Electronics, L.L.C. should, or should not, win this case. It is your task first to decide whether Defendant ADT, L.L.C. is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant ADT, L.L.C. is liable and that Plaintiff Premier Electronics, L.L.C. is entitled to recover money from Defendant ADT, L.L.C.

Citation:  Fifth Circuit PJI Instr.  15.1.

If you find that Defendant ADT, L.L.C. is liable to Plaintiff Premier Electronics, L.L.C., then you must determine an amount that is fair compensation for all of Plaintiff Premier Electronics, L.L.C.'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Premier Electronics, L.L.C. whole—that is, to compensate Plaintiff Premier Electronics, L.L.C. for the damage that it has suffered. Compensatory damages are not limited to expenses that Plaintiff Premier Electronics, L.L.C. may have incurred because of any interference by ADT, L.L.C.

You may award compensatory damages only for losses that Plaintiff Premier Electronics, L.L.C. proves were proximately caused by Defendant ADT, L.L.C.'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Premier Electronics, L.L.C.'s damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant ADT, L.L.C. You should not award compensatory damages for speculative losses, but only for those losses that Plaintiff Premier Electronics, L.L.C. has actually suffered or that Plaintiff Premier Electronics, L.L.C. is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Premier Electronics, L.L.C. prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.  You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

Citation:  Fifth Circuit PJI Instr.  15.2.

1.   Lost profits for security alarm monitoring services which Plaintiff Premier Electronics, L.L.C. would have provided to homeowners;

2.   Lost profits for additional services including cellular alarm transmission services which Plaintiff Premier Electronics, L.L.C. would have provided to homeowners;

3.   Lost profits for services which Plaintiff Premier Electronics, L.L.C. would have provided to builders who were building residences in Phillips Creek Ranch.

**QUESTION NO. 6:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Premier Electronics, L.L.C. for its lost profits, if any, that were proximately caused by ADT's intentional interference with each of the following:

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.      Alarm monitoring services for its existing homeowner customers in Phillips Creek Ranch.

Answer:  $_____

2.      Additional services, including cellular alarm transmission services for its existing homeowner customers in Phillips Creek Ranch.

Answer:  $_____

3.      Alarm monitoring services for its prospective relations with future homeowners in Phillips Creek Ranch.

Answer:  $_____

4.      Additional services, including cellular alarm transmission services for its prospective relations with future homeowners in Phillips Creek Ranch.

Answer:  $_____

5.      Services for builders who were building residences in Phillips Creek Ranch.

Answer:  $_____

5.      Alarm monitoring services and additional services, including cellular alarm transmission services for its prospective relations with future homeowners in the Walsh development.

Citation:  Specifically adapted for this case.

If you find that Defendant ADT, L.L.C. is liable for Plaintiff Premier Electronics, L.L.C.'s injuries, you must award Plaintiff Premier Electronics, L.L.C. the compensatory damages that it has proved. You may, in addition, award punitive damages if you find, by clear and convincing evidence, that Defendant ADT, L.L.C. acted with malice or fraud.

Citation:  Adapted from Fifth Circuit PJI Instr.  15.7.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by ADT, L.L.C. to cause substantial injury or harm to Premier Electronics, L.L.C.

Citation:  Texas PJC 115.37B.

"Fraud" occurs when—

    1.     a party makes a material misrepresentation, and

    2.     the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

    3.     the misrepresentation is made with the intention that it should be acted on by the other party, and

    4.     the party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means—

Citation:  Texas PJC 105.2

    1.     A false statement of fact, or

Citation:  Texas PJC 105.3A.

    2.     A statement of opinion based on a false statement of fact, or

Citation:  Texas PJC 105.3C.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or fraudulent conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  It should be presumed that Plaintiff Premier Electronics, L.L.C. has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant ADT, L.L.C.'s misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1.    the reprehensibility of Defendant ADT, L.L.C.'s conduct, including but not limited to whether there was deceit, cover-up, insult, intended, or reckless injury, and whether Defendant ADT, L.L.C.'s conduct was motivated by a desire to augment profit;

2.    the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3.    the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendant ADT, L.L.C. in fixing the amount of punitive damages.

Citation:  Adapted from Fifth Circuit PJI Instr.  15.7.

PROPOSED JURY INSTRUCTIONS    - Page 24

In awarding punitive damages against ADT, L.L.C., you must consider only the conduct of ADT, L.L.C.

Citation:  *See* TEX. CIV. PRAC. & REM. CODE § 41.006.

**QUESTION NO. 7:**

Do you find by clear and convincing evidence that the harm to Premier Electronics, L.L.C. resulted from malice or fraud attributed to ADT, L.L.C.? Answer "Yes" or "No"

Answer: _____

Citation:  Adapted from Texas PJC 115.37B.

Answer the following question only if you unanimously answered "Yes" to Question No. 7.  Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

**QUESTION NO. 8:**

What sum of money, if any, if paid now in cash, should be assessed against ADT, L.L.C. and awarded to Premier Electronics, L.L.C. as punitive damages, if any, for the conduct found in response to Question No. 7?

Answer in dollars and cents, if any.

Answer:  $_____

### III.
### REQUESTED BY DEFENDANT ADT, L.L.C.

Pursuant to the Agreed Scheduling Order [ECF No. 18] and Order Granting Joint Motion to Extend Certain Pretrial Deadlines [ECF No. 63], ADT submits the following proposed jury instructions. ADT reserves its objection that Premier has not supported and will not be able to support a *prima facie* case on any claims it has asserted in this lawsuit, precluding the submission of such claims for the jury's consideration.

In addition, although ADT objects to the submission of Premier's claims for the jury's consideration in light of its failure to meet its evidentiary burden, ADT and Premier have met and conferred in a collaborative effort to minimize the disputed jury instructions in this matter, should the Court submit any of Premier's claims for the jury's consideration over ADT's objections and forthcoming motion(s) for directed verdict.

Finally, ADT reserves all objections as to these instructions, as well as the proposed instructions submitted by Premier, pending the evidence as admitted at trial and further rulings from this Court.

**Question 1**:

Did Premier Electronics, L.L.C enter into a separate written agreement for ancillary services with certain PCR homeowners consistent with the requirements of the PCR Agreement?

Answer "Yes" or "No."

Answer:  _____

Citation:  Texas PJC 101.1

If you answered "No" to Question 1, then you do not need to answer any further questions.

If you answered "Yes" to Question 1, then please answer the following question.  Otherwise, do not answer the following question.

**Question 2**:

Did ADT, L.L.C. intentionally interfere with the Premier Electronics Developer/Homeowners' Association Security Monitoring Agreeent for ancillary services, including cellular monitoring services, between Premier Electronics, L.L.C. and its homeowner customers in Phillips Creek Ranch?


Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result. Interference that is a mere incidental result of a party's conduct is not improper.


Answer "Yes" or "No."

Answer: _____

Citation:  Texas PJC 106.1; Bradford v. Vento, 48 S.W. 3d 749, 757 (Tex. 2001).

**Question 3**:

Did ADT, L.L.C. intentionally interfere with Premier Electronics, L.L.C.'s prospective business relationship for security monitoring services with future homeowners in Phillips Creek Ranch?

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.  Interference that is a mere incidental result of a party's conduct is not improper.

Answer "Yes" or "No."

Answer: _____

Citation:  Adapted from Texas PJC 106.1, 106.3; Bradford v. Vento, 48 S.W. 3d 749, 757 (Tex. 2001).

**Question 4**:

Did ADT, L.L.C. intentionally interfere with Premier Electronics, L.L.C.'s prospective business relationship with the builders who were building residences in Phillips Creek Ranch?

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.  Interference that is a mere incidental result of a party's conduct is not improper.

Answer "Yes" or "No."

Answer: _____

Citation:  Adapted from Texas PJC 106.1, 106.3; Bradford v. Vento, 48 S.W. 3d 749, 757 (Tex. 2001).

**Question 5**:

Did ADT, L.L.C. intentionally interfere with Premier Electronics, L.L.C.'s prospective business relationship for security monitoring services with the developer, homeowner's association, and community homeowners for the Walsh development?

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.  Interference that is a mere incidental result of a party's conduct is not improper.

Answer "Yes" or "No."

Answer: _____

Citation:  Adapted from Texas PJC 106.1, 106.3; Bradford v. Vento, 48 S.W. 3d 749, 757 (Tex. 2001).

If you answer "Yes" to Question 2, Question 3, Question 4, or Question 5, then answer the following question.  Otherwise, do not answer the following question.

**Question 6**:

Did ADT, L.L.C. have a legal right to conduct business with PCR Community Association, Inc. and its homeowners or have a good-faith belief that it could conduct business with PCR Community Association, Inc. and its homeowners since the PCR Community Association, Inc. validly cancelled the Security System Agreement with Premier, solicited bids from Premier's competitors, and contracted with ADT, L.L.C. on May 6, 2016, to provide all security monitoring services for PCR Community Association, Inc. and its homeowners for the next ten (10) years?

Answer "Yes" or "No."

Answer: _____

Citation:  Texas PJC 106.2.

A party has a good-faith belief if it has an objectively well-grounded and justifiable belief of a right.

Citation:  *Bennett v. Computer Associates Intern., Inc.*, 932 S.W.2d 197, 202–03 (Tex. App.--Amarillo 1996)


ADT, L.L.C. has the burden of proving it had a legal right to conduct business with PCR Community Association, Inc. and its homeowners or had a good-faith belief that it could conduct business with PCR Community Association, Inc. and its homeowners by a preponderance of the evidence.  To establish a preponderance of the evidence means to prove something is more likely so than not so.

Citation:  Adapted from Fifth Circuit PJI Instr. 3.2

If you answered "Yes" to Question 6, then you do not need to answer any further questions.

If you answered "No" to Question 6, then please continue to the next question.

**Consider Damages Only If Necessary**

If Plaintiff Premier Electronics, L.L.C. has proved its claim against Defendant ADT, L.L.C. by a preponderance of the evidence, you must determine the damages to which Plaintiff Premier Electronics, L.L.C. is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Premier Electronics, L.L.C.'s damages as an indication in any way that I believe that Plaintiff Premier Electronics, L.L.C. should, or should not, win this case. It is your task first to decide whether Defendant ADT, L.L.C. is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant ADT, L.L.C. is liable and that Plaintiff Premier Electronics, L.L.C. is entitled to recover money from Defendant ADT, L.L.C.

Citation:  Fifth Circuit PJI Instr.  15.1.

**Compensatory Damages**

If you find that Defendant ADT, L.L.C. is liable to Plaintiff Premier Electronics, L.L.C., then you must determine an amount that is fair compensation for all of Plaintiff Premier Electronics, L.L.C.'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Premier Electronics, L.L.C. whole—that is, to compensate Plaintiff Premier Electronics, L.L.C. for the damage that it has suffered.

Compensatory damages are not limited to expenses that Plaintiff Premier Electronics, L.L.C. may have incurred because of any interference by ADT, L.L.C.

You may award compensatory damages only for losses that Plaintiff Premier Electronics, L.L.C. proves were proximately caused by Defendant ADT, L.L.C.'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Premier Electronics, L.L.C.'s damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant ADT, L.L.C. You should not award compensatory damages for speculative losses, but only for those losses that Plaintiff Premier Electronics, L.L.C. has actually suffered or that Plaintiff Premier Electronics, L.L.C. is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Premier Electronics, L.L.C. prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.  You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1.  Lost profits for security alarm monitoring services which Plaintiff Premier Electronics, L.L.C. would have provided to homeowners;

2.  Lost profits for ancillary services including cellular alarm transmission services which Plaintiff Premier Electronics, L.L.C. would have provided to homeowners;

3.  Lost profits for services which Plaintiff Premier Electronics, L.L.C. would have provided to builders who were building residences in Phillips Creek Ranch.

PROPOSED JURY INSTRUCTIONS                                                      - Page 34

Citation:  Fifth Circuit PJI Instr.  15.2.


**Mitigation of Damages**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.   If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort.  If you find that the defendant provided by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lesson his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of that opportunity.   You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The defendant has the burden of proving the damages that the plaintiff could have mitigated.   In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in the light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

Fifth Circuit PJI Instr. 15.5

**Predicate Instruction Conditioning Damages Questions on Liability**

If you answered "Yes" to Question 2, Question 3, Question 4, Question 5, and answered "No" to Question 6, then answer the following question. Otherwise, do not answer the following question.

Citation: Texas PJC 115.1


**QUESTION NO. 7:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Premier Electronics, L.L.C. for its lost profits, if any, that were proximately caused by ADT's intentional interference?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.      Alarm monitoring services for its existing homeowner customers in Phillips Creek Ranch sustained in the past.

Answer:  $_____

2.      Ancillary services, including cellular alarm transmission services for its existing homeowner customers in Phillips Creek Ranch sustained in the past.

Answer:  $_____

3.      Security alarm monitoring services for its prospective relations with future homeowners in Phillips Creek Ranch that, in reasonable probability, will be sustained in the future.

Answer:  $_____

4.      Services for builders who were building residences in Phillips Creek Ranch that, in reasonable probability, will be sustained in the future.

Answer:  $_____

5.      Security alarm monitoring services and additional services, including cellular alarm transmission services for its prospective relations with the developer, homeowner's association and homeowners in the Walsh development, that, in reasonable probability, will be sustained in the future.

Answer:  $_____

Citation:  Adapted from Texas PJC 115.1, 115.22

**Question 8**:

If you answered "Yes" to Question 2, Question 3, Question 4, or Question 5, and answered "No" to Question 6, and if you awarded damages to Premier Electronics, L.L.C. in response to Question 7, then answer the following question.  Otherwise, do not answer the following question.

Was ADT, L.L.C. part of a conspiracy that damaged Premier Electronics, L.L.C.?  To be part of a conspiracy, ADT, L.L.C. and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Premier Electronics, L.L.C.  One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

To be liable for conspiracy, ADT, L.L.C. must be shown to have intended to do more than engage in the conduct that resulted in the loss.  It must be shown that from the inception of the combination or agreement the party intended to cause the loss or was aware of the harm likely to result from the wrongful conduct.

Answer "Yes" or "No."

Answer:  _____

Citation:  Texas PJC 109.1

Dated:  January 19, 2021

---

PROPOSED JURY INSTRUCTIONS                                                      - Page 38

Respectfully submitted,


By: */s/ John M. Frick*          By: */s/ Eric S. Boos*
John M. Frick                    Eric S. Boos (*pro hac vice*)
Texas Bar No. 07455200           SHOOK, HARDY & BACON LLP
BENNETT, WESTON, LAJONE &        Citigroup Center
TURNER, P.C.                     201 S. Biscayne Blvd., Suite 3200
1603 LBJ Freeway, Suite 280      Miami, FL  33131
Dallas, Texas 75234              Telephone:  305-358-5171
Telephone: 972-662-4901          eboos@shb.com
Facsimile: 972-393-4043
jfrick@bennettweston.com         Tanya L. Chaney
                                 Texas Bar No. 24036375
**Attorney for Plaintiff Premier Electronics**   SHOOK, HARDY & BACON LLP
**LLC**                          JPMorgan Chase Tower
                                 600 Travis Street
                                 Suite 3400
                                 Houston, TX  77002
                                 Telephone:  713-227-8008
                                 Facsimile:  713-227-9508
                                 tchaney@shb.com


                                 Paul A. Williams (*pro hac vice*)
                                 pwilliams@shb.com
                                 Charles C. Eblen (*pro hac vice*)
                                 ceblen@shb.com
                                 SHOOK, HARDY & BACON LLP
                                 2555 Grand Boulevard
                                 Kansas City, MO 64108
                                 Telephone:  816-474-6550


                                 **Attorneys for Defendant ADT LLC**

PROPOSED JURY INSTRUCTIONS                                    - Page 39